

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-06,598-33

### EX PARTE THORNTON RAY PROPHET, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 262195-R IN THE 176TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted aggravated rape and sentenced to ninety-nine years' imprisonment.

Applicant contends that he is being held past his maximum discharge date because TDCJ has not properly restored previously-earned good time credits after his most recent parole revocation. Although habeas corpus is not the proper means for challenging good time credit calculations in most cases, Applicant's conviction falls under the pre-65th Legislature law and he is entitled to discharge his sentence when his flat time plus his good time add up to his ninety-nine year sentence.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing Applicant's sentence begin date, and his history of parole releases and revocations. The affidavit shall state whether or not Applicant is receiving credit for any of the time spent on parole. The affidavit shall also state whether Applicant's previously-earned good time, work time, and bonus time credits have been appropriately restored as required by the law in effect at the time of Applicant's offense. Finally, the affidavit should indicate whether or not Applicant is required to submit his claim to the time credit resolution system of TDCJ, and if so, whether he has submitted such a claim and the date when the claim was submitted.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's previously-earned good time, work time and bonus time credits have been restored, and whether his sentence and maximum discharge date are being properly calculated. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The

issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 27, 2019

Do not publish